IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DARRYL D. RIGGINS, #184051,        )
                                   )
     Plaintiff,                    )
                                   )
v.                                 )        CASE NO. 2:23-CV-84-MHT-CSC
                                   )                  [WO]
PATRICE RICHIE JONES, *et. al.,*   )
                                   )
     Defendants.                   )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.  INTRODUCTION

*Pro se* Plaintiff Darryl D. Riggins brings this 42 U.S.C. § 1983 Complaint against multiple Defendants employed in various capacities by the Alabama Department of Corrections alleging that they failed to protect him, treated him with deliberate indifference and used excessive force against him by failing to provide him mental health treatment after complaints of his intention to harm himself and a failed suicide attempt.  Plaintiff's allegations of mental health issues apparently arose from his concern about being labeled a "snitch" in 2020 while incarcerated, a resulting fear for his personal safety, and his failed suicide attempt on January 22, 2023.

Specifically, Plaintiff claims as follows:

"Upon information and belief the mental health department here at Bullock Correctional Facility have {sic} adopted practices and policies that weaponize its medications and responsibilities to their patience {sic} to cause even more risk of substantial harm as they conspire with ADOC officials to carry out these harms and risk and this is an ongoing risk of serious harm.

(Doc. 1 at p. 22).   As relief Plaintiff seeks compensatory and punitive damages and injunctive and declaratory relief as follows:

> Ordering Defendants, their successors, agents, employees, and all persons acting in concert with them, to protect plaintiff from hostile inmates and officers and other known enemies by placing plaintiff in Alabama Department of Corrections protective custody unit at the Limestone Correctional Facility at least until conclusion of these matters before this court on its face, implement an adequate classification system segregating dangerous inmates from vulnerable inmates and from officers.  Implement an adequate mental health department that responds to any and all inmates that's suicidal or even claim to be suicidal at the Bullock Correctional Facility and every prison in the state of Alabama Department of Corrections. Increase staffing for mental health and officers at Bullock Correctional Facility and every prison in the state of Alabama Department of Corrections to a level adequate to protect the safety of inmates with serious mental illness, properly train staff members to respond to emergencies like suicide attempts and threats of danger to inmates from other staff members.

(Doc. 1 at pp. 24-25).  In his complaint, Plaintiff fails to identify "hostile inmates and officers and other known enemies" who pose a threat of imminent danger to him.  He also fails to state how the mental health policies at Bullock assist Plaintiff's known enemies in creating an imminent danger of physical injury to him or how the mental health policies themselves put him at risk for future harm. Furthermore, he does not claim that he is currently being deprived of any medically necessary medication or currently being forced to take any medication against his will.

## II. DISCUSSION

 Under 28 U.S.C. § 1915, a prisoner may not bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may

be granted, unless the prisoner is under imminent danger of serious physical injury."[1] 28 U.S.C. § 1915(g). Consequently, an inmate in violation of the "three strikes" provision of § 1915(g) who is not in "imminent danger" of suffering a serious physical injury must pay the filing fee upon initiation of his case. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

Court records establish that Plaintiff, while incarcerated or detained, has on at least three occasions had civil actions or appeals dismissed as frivolous, as malicious, for failure to state a claim, or for asserting claims against defendants immune from suit under 28 U.S.C. § 1915.[2]  The cases on which this Court relies in finding a § 1915(g) violation are: *Riggins v. Hightower,* Middle District of Ala., Case No. 2:99-cv-0952-WHA-CSC; *Riggins v. Coody,* Middle District of Ala., Case No. 2:99-cv-1230-MHT-SRW; *Riggins v. Hilbert,* Northern District of Ala., Case No. 1:02-cv-2184-RDP-JEO; *Riggins v. Allen,* Northern District of Ala., Case No. 2:08-cv-0014-RDP-JEO; *Riggins v. Corizon,* Southern District

---

[1] In *Rivera v. Allin*, 144 F.3d 719, 731 (1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment." In *Jones v. Bock*, 549 U.S. 199, 216 (2007), the Supreme Court abrogated *Rivera* but only to the extent it compelled an inmate to plead exhaustion of remedies in his complaint as "failure to exhaust is an affirmative defense under the PLRA . . . and inmates are not required to specifically plead or demonstrate exhaustion in their complaints."

[2] This Court may take judicial notice of its own records and the records of other federal courts. *Nguyen v. United States*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009); *United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir.  1987); *United States v. Glover*, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999).

of Ala., Case No. 1:14-cv-542-KD-N; *Riggins v. Corizon,* Southern District of Ala., Case No. 1:12-cv-578-WS-M.

Since Plaintiff has three strikes, he may not proceed *in forma pauperis* in this case unless he demonstrates he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). In determining whether a plaintiff satisfies this burden, the court is focused upon whether the Plaintiff's complaint as a whole establishes that he is under "present imminent danger, as opposed to past danger." *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004).

Upon careful review of the complaint, the court concludes that Plaintiff's allegations are premised upon his claims of a fear for his safety from unknown prison personnel and unknown inmates due to him being labeled a snitch in 2020 and Defendants' failure to provide him mental health treatment to prevent him from doing himself harm in January 2023. These allegations are all premised upon "past danger" to Plaintiff, whether perceived or real, and therefore do not meet the standard. *Id.* Indeed, the Plaintiff fails to identify "hostile inmates and officers and other known enemies" who currently pose a threat of imminent danger to him. He also fails to state how the mental health policies at Bullock assist Plaintiff's known enemies in creating an imminent danger of physical injury to him or how the mental health policies themselves put him at risk for future harm. Furthermore, he does not claim that he is currently being deprived of any medically necessary mental health, or other, medication or is currently being forced to take any medication against his will.

4

Accordingly, the court finds Plaintiff fails to demonstrate he "is under imminent danger of serious physical injury" as is required to meet the exception allowing circumvention of the directives contained in 28 U.S.C. § 1915(g).  Consequently, Plaintiff is not entitled to proceed *in forma pauperis* in this matter due to his violation of the "three strikes" provision of 28 U.S.C. § 1915(g).

Based on the foregoing and Plaintiff's failure to pay the requisite filing and administrative fees upon initiation of this case, the Court concludes this case is due to be summarily dismissed without prejudice. *Dupree*, 284 F.3d at 1236 (emphasis in original) (explaining that "the proper procedure is for the district court to dismiss the complaint without prejudice when [an inmate is not entitled] to proceed *in forma pauperis* [due] to [violation of] the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he *initiates* the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (same).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.   Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) be DENIED; and

2.   This case be DISMISSED without prejudice for Plaintiff's failure to pay the filing and administrative fees upon his initiation of this case.

A party may file objections to the Recommendation **by March 1, 2023**.  Any objection filed must specifically identify the findings in the Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the

District Court. This Recommendation is not a final order and, therefore, it is not appealable. Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 15th day of February, 2023.


/s/     Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE