IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| DARRYL D. RIGGINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:23cv84-MHT |
| | ) | (WO) |
| PATRICE JONES, Warden III, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

Pursuant to 42 U.S.C. § 1983, plaintiff, a state prisoner, filed this lawsuit asserting that prison officials and employees at Bullock Correctional Facility failed to protect him from harm and treated him with deliberate indifference by denying him mental-health treatment after he notified staff of his intent to commit suicide, leading to a suicide attempt. This lawsuit is now before the court on the recommendation of the United States Magistrate Judge that plaintiff's case be dismissed without prejudice for failing to pay the full filing fee upon initiation

of the case. Also before the court are plaintiff's objections to the recommendation. After an independent and de novo review of the record, the court concludes that plaintiff's objections should be overruled and the magistrate judge's recommendation adopted. To the extent plaintiff raises new claims in his objections about potential retaliation at the prison where he was transferred after Bullock, those claims are not part of the complaint in this case, and the court need not address them. However, even if the court were to allow plaintiff to amend his complaint to add those claims, it would make no difference, because the factual allegations are not sufficient to show that plaintiff is currently "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

An appropriate judgment will be entered.

DONE, this the 21st day of July, 2023.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE